AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | | |
|---|---|---|
| United States of America<br>v.<br>NICOLAS PADILLA-TEJEDA,<br>a/k/a "Antonio Guerrero Videl,"<br><br>*Defendant(s)* | ) ) ) ) ) ) ) | Case No. 13-8378-WM |

FILED by _____ D.C.
AUG 2 3 2013
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __July 2, 2011,__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 18, United States Code, Sections 922(g)(5). | Possession of a Firearm by an Alien Illegally and Unlawfully Present in the United States. |

This criminal complaint is based on these facts:

See attached affidavit.

☒ Continued on the attached sheet.

_____
*Complainant's signature*

Task Force Officer Troy L. Raines
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __08/23/2013__

_____
*Judge's signature*

City and state: __West Palm Beach, Florida__      Hon. U.S. Magistrate Judge William Matthewman
*Printed name and title*

# AFFIDAVIT
# OF
# TROY L. RAINES
## TASK FORCE OFFICER FOR THE
## BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES

I, Troy L. Raines, having been duly sworn, hereby depose and state the following:

1. I have been a police officer for over seventeen years. I was employed as a certified Police Officer from January 1994 to August 2001 with the Salisbury Police Department in Salisbury, Maryland. I have been employed as a certified Police Officer since August 2001 until present with the Boynton Beach Police Department in Boynton Beach, Florida. During this tenure, I have been assigned to a number of different divisions within the Boynton Beach Police Department, including patrol operations, street crimes units, and the Detective Bureau. I have been involved in several investigations involving violent crimes as an investigator in Maryland and Florida, several of which resulted in successful convictions. I have been involved in the writing and execution of over fifty search and seizure warrants for narcotics, and other items related to violent crimes. I have received numerous hours of training in Homicide Investigations, Narcotics Investigations, Street Gang Investigations, and Investigative Interviewing Procedures. Since September 2006, I have been assigned to the Palm Beach County Sheriff's/Violent Crimes Task Force/Gang Unit. I was deputized as a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (hereinafter referred to as ATF) in December 2009. My responsibilities include investigating violations of federal law, including violations of the Gun Control Act (Title 18 United States Code, Chapter 44).

2. This affidavit is based upon my personal knowledge, a review of reports, and

1

information obtained from other law enforcement officials and civilians. This affidavit does not contain every fact about this case known to me, but rather only those facts necessary to establish probable cause to believe that Nicolas PADILLA-TEJEDA has committed a violation of Title 18, United States Code, Section 922(g)(5), namely unlawfully possessing a firearm, in or affecting commerce, while being an alien illegally and unlawfully present in the United States.

## FACTS IN SUPPORT OF PROBABLE CAUSE

3. On July 2, 2011, at approximately 3:47 a.m. the Palm Beach County Sheriff's Office (hereinafter referred to as PBSO) responded to 6295 Lake Worth Road Lake Worth, Palm Beach County, Florida in reference to a shooting. Upon arrival, law enforcement met with the victim, F.K. During this meeting, F.K. stated that he was employed at the location as a security guard. F.K. stated that he had been involved in a verbal confrontation with two individuals who were standing outside the business leaning against F.K.'s vehicle. F.K. asked the individuals to move away from his vehicle and an argument ensued. The two individuals then moved and stood by another vehicle believed to belong to one of them. After several minutes went by F.K. was advised by a third party that one of the individuals that he was arguing with was seen vandalizing his vehicle with a set of car keys. F.K. checked his vehicle and noticed that there was some damage to his vehicle that was not there previously. F.K. then confronted the two individuals about the damage, which caused another verbal altercation. F.K. stated that during this altercation both individuals ran to their vehicle and left the business area.

4. A short time later, F.K. stated that he observed the same vehicle driven by the two individuals reenter the parking lot of the business and drive directly to the front of the business. F.K. stated that the passenger yelled something to get his attention and when he turned his attention to the vehicle someone began shooting at him. F.K. stated that he could not tell if it was the passenger or the driver that was shooting at him. F.K. described the vehicle as an older blue or grey full size pickup truck occupied by two Hispanic males. A BOLO was issued by the deputy via the radio, which was then passed to surrounding agencies.

5. At approximately 3:50 a.m., an officer from Greenacres Police Department conducted a traffic stop on a vehicle which matched the description provided in the BOLO noted above. The vehicle was a 1995 Chevrolet truck displaying Florida tag number 948NQP. The vehicle was stopped near 4774 South Military Trail Lake Worth, Florida. The driver was identified as Antonio Guerrero-Videl. A records check revealed that the driver did not have a valid driver's license and was arrested for that offense. Based on the arrest, it was decided that the vehicle would be towed from the location because of it blocking the roadway. An inventory search was conducted on the vehicle prior to the tow. During the search, several spent shell casings were observed in plain view on the passenger side floorboard of the vehicle. Also in the vehicle, officers located a Ruger Blackhawk .357 revolver, Serial Nnumber 3593228 and a Smith and Wesson Model 59 9mm semi-automatic handgun, Serial Number A382961. Both of the firearms were located underneath the passenger seat. Based on these findings and the information provided in the BOLO, the PBSO was contacted to respond to the location of the vehicle.

6. A PBSO Crime Scene Investigator also responded to the vehicle and assisted in recovering evidence from the vehicle. The following items were recovered by the CSI officer:

- (3) 9mm FC Luger casings
- (2) CBC .38 caliber cartridges
- (4) CBC .38 caliber casings
- (1) Empty black Smith and Wesson magazine
- (1) Empty black six chamber cylinder
- (1) Black Smith and Wesson Model 59 9mm handgun
- (1) Black Ruger .357 Model Blackhawk revolver

7. At the time of this stop, both the driver, Guerrero-Videl, and the passenger, Denis Larios, were identified by F.K. as being the individuals he observed in the parking lot with whom he had had the argument and the same vehicle he observed while being shot at. Based on these facts, Guerrero-Videl and Larios were arrested for the shooting incident. Prior to being taken to the county jail, Guerrero-Videl and Larios signed a waiver and agreed to have DNA swabs taken from their person. On July 5, 2011, a CSI officer processed all of the pieces of evidence collected from the vehicle for the presence of DNA. Both the swabs from the evidence and the oral standards taken from Guerrero-Videl and Larios were submitted to the PBSO Crime Lab for analysis. On November 9, 2011, an analysis of the submitted DNA samples was conducted the results of which determined that Guerrero-Videl was the primary contributor to the DNA located on the empty six round cylinder.

8. On August 6, 2013, I spoke to an Immigration and Customs Enforcement Deportation Officer in reference to this case. This officer explained that Guerrero-Videl is an alias for Nicolas PADILLA-TEJEDA (hereinafter referred to as PADILLA-TEJEDA) who is a native and citizen of Honduras, who was previously removed from the United States on July

4

16, 2012, and sent back to Honduras. The Deportation Officer further explained that thereafter, PADILLA-TEJEDA unlawfully entered the United States and was encountered by law enforcement on or about May 20, 2013. A Border Patrol Fingerprint Expert conducted a fingerprint comparison in this case. The fingerprint comparison confirmed that PADILLA-TEJEDA who was encountered in the United States on or about May 20, 2013, is the same person who was previously removed from the United States on or about July 16, 2012. The Deportation Officer also confirmed that PADILLA-TEJEDA has not requested, nor obtained, permission to lawfully reenter the United States. As such, PADILLA-TEJEDA was, and continues to be, an alien illegally and unlawfully present in the United States.

9. I have also consulted with a PBSO Detective who has received extensive training in the manufacture and commerce of firearms and has been admitted as an expert witness in the area of the interstate commerce nexus of firearms and ammunition on numerous prior occasions in the United States District Court District of Florida, and elsewhere. This detective was able to examine the Ruger Model Blackhawk .357 caliber revolver and the separate empty six round cylinder noted above. Based upon this examination, the detective determined that the cylinder was the exact cylinder for the Ruger Model Blackhawk revolver.

10. In addition, I have consulted with a Special Agent with ATF who has received extensive training in the manufacture and commerce of firearm and has been admitted as an expert witness in the area of the interstate commerce nexus of firearms and ammunition in the United States District Court for the Southern District of Florida. This special agent told me that the Ruger Model Blackhawk .357 caliber revolver was not manufactured inside the State

5

of Florida and since the firearm was recovered in Florida it had to have traveled in and affected interstate and/or foreign commerce.

Based on the above information and facts, I respectfully submit that there is probable cause to believe that Nicholas PADILLA-TEJEDA, did unlawfully possess a firearm, in or affecting commerce, while being an alien illegally and unlawfully present in the United States, in violation of Title 18, United States Code, Sections 922(g)(5).

AFFIANT FURTHER SAYETH NAUGHT.

_____
TASK FORCE OFFICER TROY L. RAINES
BUREAU OF ALCOHOL, TOBACCO,
FIREARMS, AND EXPLOSIVES

Sworn to and subscribed before
me this 23rd day of August, 2013.

_____
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Misc No. 13-8378-WM

IN THE MATTER OF THE APPLICATION
OF THE UNITED STATES OF AMERICA
FOR A COMPLAINT
_____/

**CRIMINAL COVER SHEET**

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?  ___ Yes  _X_ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?  ___ Yes  _X_ No

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By: _____
Jennifer C. Millien (FL Bar No. 171700)
Email: jennifer.millien@usdoj.gov
Assistant U.S. Attorney
jennifer.millien@usdoj.gov
500 S. Australian Avenue
Suite 400
West Palm Beach, Florida 33401
TEL: (561) 820-8711
FAX: (561) 805-9846